**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-30127
Summary Calendar

_____

ITOCHU INTERNATIONAL, INC.,

                              Plaintiff-Appellant,

versus

HAVJO MV, her engines, boilers, etc., in rem;
ET AL,

                              Defendants

K/S A/S HAVBULK; WESTERN BULK CARRIERS K/S, in
personam

                              Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-3385-L)

November 27, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The Plaintiff-Appellant, Itochu International, Inc. ("Itochu"), appeals the district court's ruling that Defendants-Appellees, K/S A/S Havbulk and Western Bulk Carriers K/S

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(collectively "Western Bulk"), were not liable for damages caused to Itochu's cargo. The district court found that the Defendants were exempt from liability under 46 U.S.C. § 1304(2)(q) of the Carriage of Goods by Sea Act ("COGSA"). For the following reasons, we affirm the district court's ruling.

Itochu was the voyage charterer and the owner of 128 bundles of hot rolled steel plates carried aboard the M/V HAVJO from the port of Kokkola, Finland to New Orleans. Itochu purchased the cargo from Industrial Metals & Manufacturing, Ltd. ("IMM"), who delivered the cargo and paid the port charges and the cost of the loading stevedores. During the loading of the cargo at Kokkola, Michael Belorukov, IMM's transportation manager, and Knut Trevellik, a port captain acting on behalf of Western Bulk, were present. Upon arrival in New Orleans, the cargo was determined to have sustained extensive compression damage.

Itochu filed suit against Western Bulk, seeking recovery of costs incurred to recondition the cargo. On the basis of depositions, stipulations, and joint exhibits, the district court ruled in favor of Western Bulk. It found that the damaged cargo was caused by the stevedores' loading of the cargo with misaligned, randomly positioned dunnage boards. Because the stevedores were not employed or controlled by Western Bulk, the district court found that Western Bulk was not at fault for the damaged cargo and hence was entitled to a defense under section 1304(2)(q) of COGSA.

On appeal, Itochu contends that the district court erred because (1) the fact that a carrier's duty of care is non-delegable

prevents it from invoking the section 1304(2)(q) defense, and (2) even if a carrier could invoke the section 1304(2)(q) defense to such a non-delegable duty, Western Bulk failed to prove that the damage to Itochu's cargo occurred through no fault of its own. When reviewing a trial court's judgment in an admiralty case, sitting without a jury, the district court's findings of fact are subject to the clearly erroneous standard of review, while questions of law are subject to *de novo* review. *See Mendes Junior Int'l Co. v. M/V Sokai Maru*, 43 F.3d 153, 155 (5th Cir. 1995). The fact that, in this case, no oral testimony was heard does not affect the standard of review. *See Pacific Employers Ins. Co. v. M/V Gloria,* 767 F.2d 229, 235 (5th Cir. 1985).

COGSA was created to void the inclusion of "overreaching clauses" in bills of lading that would unreasonably limit the carrier's liability. *Tubacex v. M/V Risan*, 45 F.3d 951, 955 (5th Cir. 1995). Under COGSA, both parties engage in burden shifting pursuant to 46 U.S.C. §§ 1303-1304. *See id.* at 954. Once the shipper presents a *prima facie* case, the burden shifts to the carrier to prove either that it used due diligence to prevent the damage or that it is entitled to one of the defenses enumerated in section 1304(2) of COGSA. *See id.* One such defense is the "catchall exception in section 1304(2)(q)." *Id.* Section 1304(2)(q) provides:

> Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from . . . [a]ny other cause arising without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault or

-3-

> privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

46 U.S.C. §1304(2)(q).

In the instant case, the district court found that Itochu's cargo damage resulted without the fault or privity of Western Bulk and thus ruled that Western Bulk had made out its section 1304(2)(q) defense. Itochu argues that Western Bulk is not entitled to invoke the section 1304(2)(q) defense, because its duty of care under COGSA is nondelegable. It is true that some courts have held that COGSA imposes on carriers a nondelegable duty to properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried. *See Nichimen Co. v. M.V. Farland,* 462 F.2d 319, 330 (2d Cir. 1972). We have held, however, that there is "no conflict in the statute with applying [section 1304(2)(q)] . . . to the nondelegable duties of the carrier." *Tubacex,* 45 F.3d at 955. In other words, the fact that a carrier's duties are nondelegable does not eviscerate defenses to liability that are "specifically extended to carriers" under COGSA. *Id.* The Second Circuit reached a similar conclusion in *Associated Metals & Minerals Corp. v. M/V Arktis Sky,* 978 F.2d 47 (2d Cir. 1992). It held that even though the carrier had a nondelegable duty to properly load and stow the cargo, the carrier may nonetheless "exonerate its responsibility by carrying its burden of proof that the damage did not occur because of its own acts." *Id.* at 52

Itochu further argues that even if Western Bulk could invoke the section 1304(2)(q) defense, it failed to prove that it was free

from fault. Itochu contends that Mr. Trevellik, who was present at the loading on behalf of Western Bulk, was partially responsible for the damaged cargo. The district court found, however, that Mr. Trevellik's duties extended solely to insuring the seaworthiness of the vessel, not the condition of the cargo. This finding is supported by the evidence before the district court.

For the foregoing reasons, we conclude that the district court did not err in finding that the Defendants proved their section 1304(2)(q) defense under COGSA. The district court's judgment is AFFIRMED.